## BATTLE v. CRAWFORD, *Appellant*.

**When Statute of Limitation Commences to Run Fraudulent Concealment does not Interrupt it.** In June, 1864, plaintiff left with defendant a sum of money as a special deposit. On July 20th, 1864, he demanded the money of defendant, who refused to to deliver it to him. On September 1st, 1871, he brought suit, to which defendant interposed the statute of limitations of five years. Plaintiff, in reply alleged, as an excuse, a fraudulent concealment of defendant as to what had become of the money ; *Held*, that the statutory bar was complete, as the statute commenced to run from the date of the demand and refusal.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

*Crosby Johnson* and *Shanklin, Lowe & McDougal* for appellant.

Respondent not represented by counsel.

HENRY, J.—This was an action for the conversion by defendant of a sum of money alleged to have been left with him by the plaintiff as a special deposit.

It is not an action *ex contractu* but *ex delicto*. Among other defenses, the appellant relied upon the statute of limitations, and if the cause of action accrued more than

five years before the commencement of this suit, it was
barred by the statute.     Wag. Stat., § 10, p. 918.

The suit was instituted September 1st, 1871.  Plaintiff's
evidence was to the effect that he made the deposit in
June, 1864.   He testified that on the 20th day of July,
1864, he demanded of defendant the package containing
the money, and that he refused to deliver it to him.   De-
fendant denied that any such deposit or demand was made.
The court refused the following instruction asked by de-
fendant :   If the jury believe from the evidence that before
the raid upon defendant's safe, in proof, plaintiff demanded
the money in controversy of defendant, and that defendant
after such demand and before the safe was robbed, declined
to deliver such money to the plaintiff, the jury must find
for the defendant.   The evidence proved that the raid and
robbery of the safe occurred the 20th day of July, 1864,
and that instruction should have been given.   Plaintiff
alleges, as a reason and excuse for not having commenced
his suit earlier, that defendant told him that his safe had
been robbed by the bushwhackers, and the package con-
taining his money taken off by them, and that he relied
upon defendant's said statements, which he did not, until
the beginning of the year 1870, ascertain, as he then did,
were falsely and fraudulently made by the defendant.
Whether the case thus stated is within Wag. Stat., sec. 24,
p. 920, it is not necessary to determine.  If the plaintiff
demanded of defendant his money on the 20th day of July,
1864, and defendant refused to deliver it to him, he then
had a complete cause of action.   The statute then com-
menced running, and the false and fraudulent representa-
tions made by the defendant did not prevent the plaintiff
from suing on that cause of action or the statute from con-
tinuing to run against it.   If a demand was made for the
package by the plaintiff and defendant refused to deliver
it to him, the fact that afterwards his safe was broken
open and the package stolen would have constituted no

defense whatever to an action by the depositor to recover
his money.   The judgment of the circuit court is reversed
and the cause remanded.   All concur.

REVERSED.