## BALL et al. v. GIBBS.
### No. 11862.

Circuit Court of Appeals, Eighth Circuit.
April 9, 1941.

Rehearing Denied April 29, 1941.

Arthur V. Lashly, of St. Louis, Mo. (Jacob M. Lashly, of St. Louis, Mo., on the brief), for appellants.

Hugh H. Sullivan, of St. Louis, Mo. (Frank H. Sullivan, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The question which this Court is called upon to determine is whether this action, which was brought by creditors of the St. Louis Joint Stock Land Bank (now in process of liquidation) to enforce the double liability imposed by § 812, Title 12 U.S.C.A., upon the stockholders of the Bank, is barred as to William D. Gibbs by virtue of Sec. 860 and Sec. 862, Revised Statutes of Missouri, 1929, Mo.St.Ann. §§ 860, 862, pp. 1136, 1143, which prescribe a five-year limitation for the commencement of "an action upon a liability created by a statute other than a penalty or forfeiture." The court below ruled that the action was barred as against the appellee, and gave judgment accordingly, from which this appeal is taken.

The appellants contend: (1) That, the action being exclusively equitable, the Missouri statutes of limitations are inapplicable; (2) that the action was not barred by laches; and (3) that if the Missouri statutes of limitations are applicable, the action was commenced in time, (a) because William D. Gibbs, by an improper act, prevented the commencement of the action (Sec. 879, R.S. Missouri, 1929, Mo.St.Ann. § 879, p. 1164), and (b) because the court below stayed the commencement of the action against Gibbs by injunction or its equivalent (Sec. 877, R.S. Missouri, 1929, Mo.St.Ann. § 877, p. 1164).

The facts are agreed to and are, briefly, as follows:

Gibbs on July 13, 1926, owned 122 shares of the stock of the Bank. On April 23, 1930, he transferred these shares, without consideration, to his daughter, Jane Gibbs, a minor. On January 7, 1931, in the expectation of being made an officer of the Bank, he had Jane Gibbs retransfer the shares to him. On March 30, 1931, not having been made an officer of the Bank, Gibbs again transferred the shares to Jane Gibbs. These transfers were all recorded upon the books of the Bank, and Jane Gibbs since March 30, 1931, has been the record owner of the shares. She attained her majority on April 15, 1933.

The Bank was declared insolvent June 1, 1932, and a receiver was appointed on that day. On June 6, 1932, a creditors' action to enforce the double liability of stockholders was commenced in the court below. The action was known as the Partridge suit and was a class suit in which only a few stockholders were made defendants. Neither Jane Gibbs nor William D. Gibbs was named as a defendant in the original bill. On April 3, 1933, an amended bill was filed, in which all persons shown by the books of the Bank to have been at any time stockholders were named as defendants, including Jane Gibbs and William D. Gibbs. Jane Gibbs was served with process in May, 1937. William D. Gibbs was never served with process in the Partridge suit.

On November 19, 1932, the instant action was commenced by the appellants. It is known as the Ball suit. The purpose of the Partridge suit and that of the Ball suit were identical, namely to enforce the statutory liability of the Bank's stockholders for the benefit of its creditors. The appellants had learned from the books of the Bank that Jane Gibbs was the record owner of the 122 shares of stock formerly owned by William D. Gibbs, but they did not then know the age of Jane Gibbs or learn that she was a minor when the shares were transferred to her or when this action was commenced. She was made a defendant and was served with process, but did not appear. William D. Gibbs was a member of a stockholders' committee and was active in organizing a defense on behalf of the stockholders against both actions brought to enforce their statutory liability. On December 12, 1932, certain of the defendants in the action at bar filed pleas to abate it on the ground of the pendency of the Partridge suit. Neither Jane Gibbs nor William D. Gibbs joined in these pleas. The pleas were sustained September 25, 1936, and the further prosecution of this action was ordered suspended until the final determination of the Partridge suit.

After the decision of the Supreme Court of the United States in the case of Christopher v. Brusselback, 302 U.S. 500, 58 S.Ct. 350, 82 L.Ed. 388, holding that the statutory liability of each stockholder in a joint stock land bank was personal and was enforceable only in a court having jurisdiction to render a personal judgment

against him, the court below, on May 2, 1938, vacated its order of September 25, 1936, suspending proceedings in this action, and reinstated it. On June 14, 1938, the appellants made William D. Gibbs a defendant. He was served with process on June 15, 1938. In a second amended bill of complaint filed by appellants on November 1, 1938, they alleged that Gibbs transferred his shares of stock to Jane Gibbs when she was a minor; that the transfers to her were without consideration, were made for the purpose of avoiding liability, and were void and ineffective, and that Gibbs was the actual owner of the shares. Gibbs filed his answer, in which he alleged that the action was not commenced as against him until June 14, 1938; that the cause of action accrued, if ever, on June 1, 1932, and that it was barred by laches and limitations. Shortly prior to June 14, 1938, the appellants first learned that Jane Gibbs was a minor and without means at the time the shares of stock were transferred to her by her father.

■ This action is in equity and is brought to enforce equitable rights. Russell v. Todd, 309 U.S. 280, 286, 290, 291, 60 S. Ct. 527, 84 L.Ed. 754. It is not shown to be barred by laches. It is barred by the Missouri statutes of limitations provided it appears with reasonable certainty that those statutes would bar a like action brought in the State courts of Missouri. Russell v. Todd, supra, 309 U.S. page 293, 60 S.Ct. 527, 84 L.Ed. 754.

In 1849, the State of Missouri, by an act of its General Assembly, abandoned the common-law and chancery practice and adopted a code of civil procedure which abolished the distinction between actions at law and suits in equity and substituted therefor "one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be denominated a civil action." Sec. 1 of Article I, Laws of Missouri, 1849, page 73. This code provided that "civil actions" could be commenced only within prescribed periods of

time after the causes of action had accrued. With slight changes, the code adopted by Missouri in 1849 has continued in effect to the present time. The pertinent sections of the Revised Statutes of Missouri, 1929, are the following:

"§ 696. *Civil actions and designation of parties thereto.* There shall be in this state but one form of action for the enforcement or protection of private rights, and redress or prevention of private wrongs, which shall be denominated a civil action; . * * *."

"§ 860. *Period of limitation prescribed.* Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued: * * *."

"§ 862. *What within five years.* Within five years: * * * an action upon a liability created by a statute other than a penalty or forfeiture; * * *." Mo.St. Ann. §§ 696, 860, 862, pp. 898, 1136, 1143.

■ According to the letter of these statutes, a civil action upon a liability created by a statute is barred in the courts of Missouri five years after the liability accrues. Since the statutory liability of William D. Gibbs as a stockholder of the Bank accrued on June 1, 1932, the action to enforce it would appear to have expired by limitations on June 1, 1937, and to have been barred on June 15, 1938, when he was first served with process.

The appellants contend, however, that the courts of Missouri do not regard the State statutes of limitations as applicable to actions which, like this, are exclusively equitable. The appellee contends that the statutes of limitations are applicable to all civil actions, whether legal or equitable; that in an action exclusively equitable the doctrine of laches may be invoked by a defendant to shorten the period of limitation, but that it cannot be invoked by a plaintiff to extend it.

■■ A careful review of the pertinent Missouri decisions[1] shows that the Su-

---

[1] Bobb v. Woodward, 50 Mo. 95; Hunter v. Hunter, 50 Mo. 445, 451; Rogers v. Brown, 61 Mo. 187, 191; Kelly v. Hurt, 61 Mo. 463; Bliss v. Prichard, 67 Mo. 181; Kelly v. Hurt, 74 Mo. 561, 565; Kline v. Vogel, 90 Mo. 239, 247, 1 S.W. 733, 2 S.W. 408; Hoester v. Sammelmann, 101 Mo. 619, 14 S.W. 728; Kroe-

nung v. Goehri, 112 Mo. 641, 20 S.W. 661; Washington Savings Bank v. Butchers' & Drovers' Bank, 107 Mo. 133, 17 S.W. 644, 28 Am.St.Rep. 405; Loomis v. Missouri Pacific Ry. Co., 165 Mo. 469, 65 S.W. 962; Sicher v. Rambousek, 193 Mo. 113, 91 S.W. 68; Stark v. Zehnder, 204 Mo. 442, 102 S.W. 992;

preme Court of Missouri has, since 1849, in all cases where the applicability of the statutes of limitations to equitable actions was squarely presented, consistently ruled that the statutes apply to both legal and equitable actions. That court, however, has permitted a defendant in an equitable action to avail himself of the defense of laches and has held that a cause of action may be barred in equity, although it is not outlawed by limitations.[2] In Missouri, as in other states where code practice prevails, an equitable action not barred by limitations may be shown to be based upon a stale claim and to be unenforceable for want of equity due to unreasonable or unconscionable delay in commencing the action. Patterson v. Hewitt, 195 U.S. 309, 319, 25 S.Ct. 35, 49 L.Ed. 214. We have found no Missouri case holding that the doctrine of laches may be availed of by a plaintiff to extend the period fixed by statute for the commencement of a civil action cognizable in equity. It is true that there is language in cases relied upon by the appellants[3] which, largely for want of precision and completeness of statement, has given rise to some confusion of thought relative to the applicability of the statutes of limitations to actions purely equitable. No useful purpose could be served by a detailed discussion of the Missouri cases, because in Ludwig v. Scott, 1933, 65 S.W. 2d 1034, 1035 (an action in equity), the Supreme Court of Missouri repeated what it had often before said, namely, "Our statutes of limitations apply alike to legal and equitable actions." This appears to be the last word of that court upon the subject, and we accept it as establishing with reasonable certainty that an action such as this, to be maintainable in the courts of Missouri, must be brought within five years after the cause of action accrues.

The appellants contend, however, that because of Sec. 879, Revised Statutes of Missouri, 1929, Mo.St.Ann. § 879, p. 1164,—which provides that "if any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented,"—the applicable statute of limitations has not run. It it doubtful if that question is properly before us, since it does not seem to have been presented to or considered by the court below. We think, however, that Sec. 879, is not applicable to this situation. The transfers of the shares of stock here involved were all a matter of record. No affirmative act of William D. Gibbs deceived the appellants or prevented them from enforcing their rights against him. The transfer of his stock to his daughter did not relieve him of his liability as a stockholder, but it was not a wrongful or improper act. He was under no legal duty to inform the appellants of the age of his daughter or that the transfer of his stock to her did not relieve him of his statutory liability, and all that he can be accused of is remaining silent. His silence and the lack of knowledge of the appellants are not enough to make Sec. 879 applicable.[4]

The appellants also contend that Sec. 877, Revised Statutes of Missouri, 1929, Mo.St.Ann. § 877, p. 1164—which provides that "whenever the commence-

Burrus v. Cook, 215 Mo. 496, 114 S.W. 1065; Marshall v. Hill, 246 Mo. 1, 151 S.W. 131; Virginia C. Mining, Milling & Smelting Co. v. Clayton, Mo.Sup., 233 S.W. 215; Kober v. Kober, 324 Mo. 379, 23 S.W.2d 149; Jones v. McGonigle, 327 Mo. 457, 37 S.W.2d 892, 74 A.L.R. 550; Branner v. Klaber, 330 Mo. 306, 49 S. W.2d 169; Ludwig v. Scott, Mo.Sup., 65 S.W.2d 1034.

[2] Bliss v. Prichard, 67 Mo. 181; Kelly v. Hurt, 74 Mo. 561; Kline v. Vogel, 90 Mo. 239, 247, 1 S.W. 733, 2 S.W. 408; Marshall v. Hill, 246 Mo. 1, 151 S.W. 131.

[3] Kelly v. Hurt, 74 Mo. 561, 565; Kline v. Vogel, 90 Mo. 239, 1 S.W. 733, 735, 2 S.W. 408; Sicher v. Rambousek, 193 Mo. 113, 91 S.W. 68; Virginia C.

Mining, Milling & Smelting Co. v. Clayton, Mo.Sup., 233 S.W. 215; Jones v. McGonigle, 327 Mo. 457, 37 S.W.2d 892, 74 A.L.R. 550.

[4] See and compare, Reisse v. Clarenbach, 61 Mo. 310, 315; Battle v. Crawford, 68 Mo. 280; Shelby County v. Bragg, 135 Mo. 291, 36 S.W. 600; Burrus v. Cook, 215 Mo. 496, 114 S.W. 1065; Beard v. Citizens' Bank, Mo.App., 37 S. W.2d 678; Keay v. Mantz, Mo.App., 12 S.W.2d 509; Schrabauer v. Schneider Engraving Product, Inc., 224 Mo.App. 304, 25 S.W.2d 529; Maynard v. Doe Run Lead Co., 305 Mo. 356, 265 S.W. 94; Davis v. Carp, 258 Mo. 686, 167 S. W. 1042; Edwards v. Rich, Mo.App., 180 S.W. 415; Schrock v. Duncan, Mo. App., 189 S.W. 610.

ment of any suit shall be stayed by an injunction of any court or officers authorized to grant the same, the time during which such injunction shall be in force shall not be deemed any portion of the time * * * limited for the commencement of such suit" —prevented the running of the statute of limitation during the period when further prosecution of this action was suspended. We agree with the court below that this section is inapplicable. That court had ruled that the prosecution of this suit was unnecessary because of the pendency of the Partridge suit; that the appellants were in effect parties plaintiff in that suit; and that, upon application, their appearance as plaintiffs would be entered; that a decree in the Partridge suit would be binding upon all creditors and stockholders of the Bank; and that this action should therefore be abated and further proceedings in it suspended until the determination of the Partridge suit. The action was not dismissed, and no order was entered prohibiting the appellants from bringing in additional parties defendant. They could, we think, have procured the service of process upon William D. Gibbs either in this action or in the Partridge suit, and certainly if they had called the attention of the court to the desirability of making him a party, to prevent the running of the statute of limitations, leave to do so would promptly have been granted. It is quite apparent that the failure of the appellants to join Gibbs as a defendant was not attributable to the action of the court in abating this action, but was attributable to their failure to make promptly a reasonable investigation to ascertain whether the transfer of the shares of William D. Gibbs to Jane Gibbs was effectual to relieve him of liability. There is nothing to indicate that the appellants had any difficulty in ascertaining the true situation when an investigation was finally made.

We think this case was rightly decided, and the judgment appealed from is affirmed.

### On Petition for Rehearing.

### PER CURIAM.

The appellants in their petition for rehearing earnestly insist that our ruling that the commencement of their action as against William D. Gibbs was not prevented by an "improper act" within the meaning of Sec. 879, R.S.Missouri 1929, Mo.St.Ann. § 879, p. 1164, is wrong. If the transfers of his shares to his daughter were due to a desire to escape his statutory stockholder's liability (which is not shown by the record or found by the trial court), they were in that sense wrongful and improper, but in making them Gibbs did not suppress any fact which he was legally required to disclose. If his purpose was to escape liability, he failed to accomplish it. He was liable on the shares when the bank subsequently failed and remained liable thereafter. It was the failure of the appellants to discover his liability which prevented the commencement of their action against him, and not the transfers of the shares. The statute does not say that if any person shall, because of an improper act of another, believe that no action can be commenced against him, the statute of limitations is tolled. In Davis v. Carp, 258 Mo. 686, 167 S.W. 1042, 1046, a case in which a defendant concealed his identity and gave a false name, the court said: "So, the 'improper act' referred to in the statute must be one in the nature of a fraud that would prevent the commencement of the action, in order to bring the act within the statute. This defendant did no act of that kind, nor did plaintiff tell defendant he desired to commence an action. At most and worst he concealed his name from plaintiff, but that did not prevent the commencement of the action—far from it."

At no time after the appellants' cause of action accrued did Gibbs say or do anything to prevent them from suing him. We are satisfied that Gibbs committed no act in the nature of a fraud which prevented the commencement of an action against him to enforce his statutory liability.

The petition for rehearing is denied.