**Vernon JOHNSON, Plaintiff,**

v.

**GRIM–SMITH HOSPITAL, a Missouri Corporation**
**and**
**Robert William Buben, M.D., Defendants.**

**No. N70 C 24.**

United States District Court,
E. D. Missouri, N. D.

April 15, 1971.

---

Elliott, Marks & Freeman, St. Louis, Mo., James R. McManus, Morris & Morris, Des Moines, Iowa, for plaintiff.

Frick & Mayberry, Kirksville, Mo., for defendants.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court on defendants' motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, on the ground that the action is time barred by the running of the statute of limitations.

The complaint, filed September 21, 1970, alleges that the plaintiff is a resident of Iowa; that defendant Grim-Smith Hospital is a Missouri corporation with its principal place of business at Kirksville, Missouri; that defendant Buben is a physician, staff member, agent and employee of defendant hospital; and that the amount in controversy exceeds $10,000, exclusive of costs and interest.

The suit is a claim for personal injury allegedly suffered by plaintiff as a result of certain alleged negligent acts and omissions on the part of the defendants. The complaint demonstrates that all acts complained of occurred within a few days after September 22, 1965.

Section 516.140 RSMo 1969, provides in part:

"All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error or mistake shall be brought within two years from the date of the act of neglect complained of * * *."

Thus, on the face of the complaint, the action is time barred by the running of the two year statute of limitations, Laughlin v. Forgrave, 432 S.W.2d 308 (Mo.1968), unless the statute was tolled.

Plaintiff's only attempt to avoid the effects of § 516.140 appears in paragraph 15 of the complaint wherein plaintiff alleges that representatives of defendants stated to plaintiff's attorney that malpractice claims in Missouri were governed by the general five year statute of limitations; that plaintiff relied

thereon and in so doing did not commence his claim against defendants within the two year limitation period.

Plaintiff's answer to Interrogatory No. 13 reveals the following:

"The representations with regard to the Missouri Statute of Limitations were conveyed to James B. Morris, Jr. by N. S. Searcy who stated that he had phoned "the company" and was told that this case came within the Missouri Five (5) year Statute of Limitations hence there was no need to institute suit in early September, 1967, as had been suggested by my attorney in that my case would not be barred by the Statute of Limitations and that they needed additional time to secure further medical information and for my physical condition to stabilize.

These conversations took place during the first week of September, 1967.".

For the purposes of this motion the Court assumes the representations were made as stated by the plaintiff.

■■■ Section 516.280 RSMo 1969, sets out the provisions for tolling the statute:

"If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."

The only portion of the tolling statute having arguable application to the facts of this case is that dealing with "any other improper act". The construction the courts of Missouri have given this phrase is that the improper act complained of must relate either to the assertion of the remedy or to the concealment of the existence of the cause of action itself. Smile v. Lawson, 435 S.W.2d 325 (Mo.1968); State ex rel. Bell v. Yates, 231 Mo. 276, 132 S.W. 672 (1910); Wheeler v. Mo. Pac. R. Co., 328 Mo. 888, 42 S.W.2d 579 (1931). See, also, Ball v. Gibbs, 118 F.2d 958 (8th Cir. 1941). In the present case, there most certainly was no concealment of the existence of the cause of action. There is no dispute that the plaintiff's attorney knew that plaintiff had a malpractice claim. Under the facts of this case, and the applicable law, the Court concludes that the representation complained of is not an "improper act".

■■■ It is the further opinion of this Court that the plaintiff's attorney had no right to rely upon the representation made to him by someone who did not even represent himself to be an attorney on a matter concerning the legal effect of the statute of limitation. Plaintiff's attorney is a mature, well educated man, licensed to practice law in Iowa, with many years of experience. The significance of the statute of limitations could not have been overlooked by him. The representation was made almost two years after the statute had begun to run. The representation was a legal opinion. Plaintiff's attorney neither needed nor required the advice of a layman concerning a matter of law. There is no indication in the facts of the present case that the attorney did not have the means to fully advise himself on the subject. Plaintiff, being bound by the acts and omissions of his attorney, is not entitled to rely upon the representation as to the applicable statute of limitation. There is no estoppel. Defendants' motion for summary judgment will be granted.