John T. THARALSON, Appellant and Cross Appellee,

v.

PFIZER GENETICS, INC., a corporation, Appellee and Cross Appellant.

Nos. 83–1623, 83–1647.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1983.

Decided March 1, 1984.

Duane G. Elness, William A. Robbins, Duane G. Elness, Associate, Cavalier, N.D., for appellant and cross-appellee.

Paul G. Woutat, Vaaler, Gillig, Warcup, Woutat, Zimney & Foster (Chartered), Grand Forks, N.D., for appellee and cross-appellant, Pfizer.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

John Tharalson (plaintiff) brought an action against Pfizer Genetics (defendant) for breach of warranty on a sale of seed corn. In a court trial, defendant was found liable for breach of warranty. However, the court held that plaintiff's recovery was limited to the sale price of the seed corn by a limitation of damages provision in the contract of sale. Defendant had cross-appealed for an amount in excess of the sale price, which was concededly owed defendant by plaintiff on open account. Therefore judgment was entered for defendant for the difference between the amount owed defendant by plaintiff and the sale price of the seed corn.

Plaintiff appeals arguing that the district court erred in holding the limitation of damages provision valid. Defendant cross-appeals arguing there was insufficient evidence to support the district court's finding

---

* The HONORABLE WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

that defendant was liable for breach of warranty.

We affirm.

## I. FACTS

In 1979, plaintiff became a seed corn dealer for defendant. The dealership agreement contained the following warranty disclaimer and limitation of damages provision:

THE SELLER MAKES NO EXPRESS OR IMPLIED WARRANTIES, NO WARRANTIES OF MERCHANTABILITY AND NO WARRANTIES WHICH EXTEND BEYOND THE DESCRIPTION ON THE FACE THEREOF.

The Buyer assumes all risk as to the use of the goods. Without limiting any of the disclaimers made by the Seller it is expressly understood that there are no warranties, express or implied as to, nor shall the Seller be liable for the yield quality or tolerance to diseases or insects of the crop produced from Trojan or Pfizer Genetics brand seed. Total damages recoverable against the Seller hereunder shall be exclusively limited to the purchase price of the goods with respect to which damages are claimed.

The same warranty disclaimer and limitation of damages provision was printed on the order and delivery forms used by plaintiff.

In 1981, plaintiff purchased some Trojan T759 seed corn from defendant for his own use. In making this purchase plaintiff relied on defendant's seed guide pamphlet, which described T759 as follows:

A new release in the 75-day maturity areas, T759 displays outstanding seedling vigor. T759 emerges strong from cool, wet soils and very good stalk strength enables it to stand strong all season. T759 has a deep penetrating root system for outstanding drought tolerance. In its maturity area, T759 produces good yields and has rapid dry down of heavy test weight grain.

The seed guide contained no limitation of damages provision but did contain the following warranty disclaimer:

"All information given and all recommendations made are typical and are believed to be accurate, but *No Warranties, Express or Implied,* are made. Pfizer Genetics' products are sold on the understanding that the user is solely responsible for determining their fitness or suitability for any use or purpose."

On the individual bags of seed corn delivered to plaintiff was printed the same warranty disclaimer and limitation of damages provision contained in plaintiff's dealership agreement. Stamped on the bags was:

GERMINATION DATE

FEBRUARY 1981

GERM 95%

Plaintiff planted over 190 acres in Trojan T759. Approximately 60% of the seed failed to germinate.

## II. PLAINTIFF'S APPEAL: LIMITATION OF DAMAGES

The district court found defendant liable for breach of warranty but held that plaintiff's recovery was limited to the sale price of the seed corn by the limitation of damages provision that was contained in the dealership agreement and printed on both the order and delivery forms and the seed corn bags. In holding that the limitation of damages provision was valid, the court held it not unconscionable under N.D.Cent.Code § 41–02–19 (U.C.C. § 2–302). However, the court did not apply the reasonableness test of N.D.Cent.Code § 41–02–97.1 (U.C.C. § 2–718(1)) to the limitation of damages provision.

In his brief plaintiff argues that the district court erred in holding the limitation of damages provision not unconscionable. Plaintiff's only argument on this point is that the district court improperly relied on a general rule that "it is the exceptional commercial setting where a claim of unconscionability will be allowed." Plaintiff argues that the court's reliance on this general rule was improper because the rule is

**1111**

derived from Uniform Commercial Code § 2–719(3) (N.D.Cent.Code 41–02–98.3) which applies only to consequential damages. Plaintiff argues that the damages limited in this case were general damages and that the rule that unconscionability is exceptional in commercial settings does not apply where the issue is the unconscionability of limitations on general damages.

■ The general rule that unconscionability is exceptional in commercial settings applies to the unconscionability of any contract provision, including limitations of general damages. *See Ray Farmers Union Elevator Co. v. Weyrauch,* 238 N.W.2d 47, 50 (N.D.1975); 1 R. Anderson, *Uniform Commercial Code,* § 2–302:12 & n. 19 (2d ed. 1970 & Supp.1981). Thus plaintiff's argument that the district court improperly relied on the rule is without merit, regardless of whether the damages limited in this case are general or consequential.

Further, plaintiff stated at oral argument that he was not arguing that the limitation of damages provision was unconscionable. Therefore, we deem this issue waived.

Plaintiff's second argument on the validity of the limitation of damages provision is that the court erred in failing to apply the reasonableness test of N.D.Cent.Code 41–02–97.1 (U.C.C. § 2–718(1)). Section 41–02–97.1 provides:

Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in the light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.

Section 41–02–97.1 is referred to in two other sections of the North Dakota Code: N.D.Cent.Code §§ 41–02–98 and 41–02–33. Section 41–02–98 provides in part:

Subject to ... section 41–02–97 ...:

a. The agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price ....

Section 41–02–33.4 provides that "remedies for breach of warranty can be limited in accordance with the provisions of [§§ 41–02–97 and 41–02–98]."

■ By its terms § 41–02–97.1 applies to liquidated damages provisions. Strictly speaking, the provision in this case is not a liquidated damages provision but a limitation of damages provision. A liquidated damages provision sets a fixed amount that can be recovered upon breach without proof of *any* damage. A limitation of damages provision limits the damages that may be recovered, but proof of damages is still required in order to recover up to the limit. *Western Union Telegraph Co. v. Nester,* 309 U.S. 582, 587–88, 60 S.Ct. 769, 771–72, 84 L.Ed. 960 (1940); Black's Law Dictionary 353 (5th ed. 1979).

■ The North Dakota courts have not determined whether the reasonableness test of § 41–02–97.1 applies to limitation of damages provisions. Given an undecided issue of state law, we will defer to a reasonable interpretation by a district court sitting in the state in question. *See, e.g., Mitchell v. Minneapolis,* 707 F.2d 490, 491 (8th Cir.1983); *Southern Farm Bureau Casualty Insurance Co. v. Mitchell,* 312 F.2d 485, 496 (8th Cir.1963).

In this case the district court apparently concluded that the reasonableness test of § 41–02–97.1 does not apply to limitation of damages provisions. This is certainly a reasonable conclusion from the language of § 41–02–97.1 which refers to liquidated damages provisions, not to limitation of damages provisions.

It could reasonably be argued that the scope of § 41–02–97.1 is broadened to include limitation of damages provisions by the references to it in §§ 41–02–98 and 41–02–33 or by its own title: "Liquidation or Limitation of Damages." However, it would also be reasonable to conclude that § 41–02–97 is not broadened by the refer-

ences to it in the other sections or by its own title. *See generally* 73 Am.Jur.2d Statutes § 98 (1974) (effect of title on construction of statute). Indeed, we find it more reasonable to conclude that the reasonableness test of § 41–02–97.1 does not apply to limitation of damages provisions.

As the last sentence of § 41–02–97.1 suggests, the major concern with liquidated damages provisions is unreasonably large liquidated damages. This is never a concern with limitation of damages provisions since damages must be proved under such provisions. Rather, the concern with limitation of damages provisions is unreasonably small recoveries. The official comments to Uniform Commercial Code § 2–718 (on which N.D.Cent.Code 41–02–97 is based) suggest that where the concern is unreasonably small recoveries the proper test is unconscionability rather than the reasonableness test of U.C.C. § 2–718 and N.D.Cent. Code 41–02–97:

> A term fixing unreasonably large liquidated damages is expressly made void as a penalty. An unreasonably small amount would be subject to similar criticism and might be stricken under the section on unconscionable contracts or clauses.

U.C.C. § 2–718 Comment 1 (1977).

■ Indeed, the reasonableness test of § 41–02–97.1 does not seem to be designed to deal with limitation of damages provisions. As applied to a limitation of damages provision, § 41–02–97.1 would require that the limitation be "reasonable in light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or nonfeasibility of otherwise obtaining an adequate remedy." Limitation of damages provisions are by their nature unreasonable in light of the anticipated or actual harm and are generally used where there is no particular difficulty proving loss or obtaining an adequate remedy. Thus the reasonableness requirement of § 41–02–97.1 would effectively outlaw limitation of damages provisions, at least as they are generally used. Therefore, the reasonableness requirement of

§ 41–02–97.1 should not be applied to limitation of damages provisions since it would swallow up the general rule of § 41–02–98.1 that limitations of damages provisions are valid:

> Subject to the provisions of subsections 2 and 3 of this section and of section 41–02–97 on liquidation and limitation of damages:
> a. The agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts;
> . . . .

Since the district court could reasonably conclude that the reasonableness test of § 41–02–97.1 does not apply to limitation of damages provisions, we will not reverse for the district court's failure to apply that test in this case.

## III. DEFENDANT'S CROSS–APPEAL: SUFFICIENCY OF THE EVIDENCE

■ In finding defendant liable for breach of warranty, the district court found that defendant had made express warranties, that the disclaimers of warranty were inconsistent with the warranties and thus ineffective, that the warranties had been breached, and that the breach was a proximate cause of damage to plaintiff. Defendant argues there was insufficient evidence to support these findings. We can set aside a district court's findings of fact only if they are clearly erroneous. Fed.R. Civ.P. 52(a). We have reviewed the record and do not find the district court's findings to be clearly erroneous; on the contrary, we think the court's findings are fully supported by the record and its conclusions of law are correct.

## IV. CONCLUSION

The decision of the district court is affirmed.