John STEPHENS, Plaintiff,

v.

ASSOCIATED DRY GOODS CORP., Defendant.

No. 85–2174C(4).

United States District Court, E.D. Missouri, E.D.

Feb. 10, 1986.

Daniel P. Finney, Jr., Donald L. Schlapprizzi, St. Louis, Mo., for plaintiff.

Burton H. Shostak, Deborah J. Kerns, Jeffrey Cramer, St. Louis, Mo., for defendant.

### MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter comes before the Court on the defendant's motion to dismiss.

Plaintiff, John Stephens, brings this cause of action based on diversity of citizenship. In his complaint, plaintiff alleges

that he was arrested by employees of the defendant, Associated Dry Goods Corporation, while on the premises of Stix, Baer & Fuller. The arrest occurred on September 8, 1982. Plaintiff alleges that he was handcuffed, paraded before a large crowd of shoppers, and interrogated by security guards employed by the defendant. Plaintiff further alleges that the security guards threatened to inform plaintiff's employer of the arrest, threatened to publish his name in the local newspaper, and refused to release him from their custody unless he signed a written confession.

As grounds for dismissal, defendant argues that the plaintiff's cause of action is time barred because it was not brought within the two-year statute of limitations period. *See* MO.REV.STAT. § 516.140. In opposing the defendant's motion, plaintiff argues that the conduct of defendant's employees was tortious in nature, exceeding that which was necessary to make the arrest. Thus, it is plaintiff's position that his cause of action can be categorized as a prima facie tort. Plaintiff further argues that the defendant should be estopped from asserting the statute of limitations as a defense because of the improper activities of the defendant's employees.

This Court, upon careful consideration of all the memoranda and documents submitted by both parties, comes to the following conclusion with respect to the defendant's motion to dismiss.

Under Missouri law, the applicable statute of limitations period for a cause of action based on false imprisonment is two years. *See* MO.REV.STAT. § 516.140. In the instant case, the alleged activities of defendant's employees occurred on September 8, 1982, nearly three years prior to the filing of plaintiff's complaint. Thus, on its face it appears that the complaint is filed out of time. Plaintiff, however, argues that the defendant should be estopped from asserting the statute of limitations as a defense because of defendant's improper activities.

While § 516.280 calls for the tolling of the statute of limitations period for "improper acts," plaintiff has heretofore failed to provide the Court with facts that would indicate that the exception should apply. To constitute an improper act, the defendant must have in some manner either hindered or delayed the commencement of plaintiff's lawsuit. *See Wheeler v. Missouri Pac. R. Co.*, 328 Mo. 888, 42 S.W.2d 579, 583 (1931); *see also Johnson v. Grim-Smith Hospital*, 326 F.Supp. 537, 539 (E.D. Mo.1971). Thus far, plaintiff has failed to convince the Court that the defendant has in fact engaged in improper activities so as to call for the tolling of the statute of limitations. The Court finds it difficult to believe that plaintiff was intimidated for three years into not filing his complaint. Hence dismissal of plaintiff's complaint is warranted.

The Court notes that plaintiff has attempted to state a cause of action for emotional distress as an alternative to his false imprisonment cause of action. A close reading of the complaint, however, clearly reveals that plaintiff's claims are based on false imprisonment and not emotional distress. The alleged activities which the plaintiff attempts to characterize as intentional infliction of emotional distress emanate from the arrest and imprisonment. Thus, plaintiff's attempt to circumvent the statute of limitations period must fail, and the Court will therefore order that plaintiff's complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint be and is **DISMISSED WITH PREJUDICE.**