John **STEPHENS**, Appellant,

v.

**ASSOCIATED DRY GOODS CORPORATION**, Appellee.

No. 86–1303.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1986.

Decided Nov. 19, 1986.

Rehearing and Rehearing En Banc Denied Jan. 5, 1987.

Daniel P. Finney, Jr., St. Louis, Mo., for appellant.

Burton H. Shostak, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Appellant John Stephens (Stephens) appeals from the district court's order dismissing his complaint against appellee Associated Dry Goods Corporation (ADG). The district court dismissed the complaint on ADG's motion to dismiss, concluding that the claim for relief was time-barred by the applicable Missouri statute of limitations. We reverse.

Stephens alleges that on September 8, 1982, he was arrested by security guards employed by ADG pursuant to a policy whereby ADG requires its security guards to arrest at least two persons per week. Stephens contends that he was then handcuffed and paraded through the store to the security office in full view of other shoppers and that once in the security office the guards threatened to inform his employer of the arrest, to publish an account of his arrest in area newspapers and to pursue criminal prosecution if Stephens sought civil redress. Stephens was then allegedly told by store officials to sign a blank piece of paper upon which was later typed an admission.

Stephens filed this action on September 9, 1985, three years and one day after the events alleged in the complaint took place. ADG filed a motion to dismiss the complaint asserting the two-year statute of limitations for false imprisonment. *See* Mo.Rev.Stat. § 516.140. Stephens acknowledged that he filed this suit beyond the two-year period, but stated that he had

done so to permit the three-year criminal statute of limitations to run against any criminal suit ADG might wish to pursue. *See* Mo.Rev.Stat. § 556.036.[1] Stephens argues that ADG is estopped from asserting the statute of limitations as a result of its actions and threats. The district court rejected Stephens' argument and dismissed his complaint based on the statute of limitations. 628 F.Supp. 1390. In so doing, the district judge observed that Stephens "has heretofore failed to provide the Court with facts that would indicate that the exception should apply," and that Stephens "has failed to convince the Court that [ADG] has in fact engaged in improper activities so as to call for the tolling of the statute of limitations. The Court finds it difficult to believe that plaintiff was intimidated for three years into not filing his complaint".

Under Missouri law, statutes of limitations are favored and cannot be avoided unless the party seeking to do so acts in such a manner as to bring himself into an exception. *DeRousse v. PPG Indus., Inc.*, 598 S.W.2d 106, 111–12 (Mo. en banc 1980); *Cacioppo v. Southwestern Bell Tel. Co.*, 550 S.W.2d 919, 926 (Mo.Ct.App.1977). The Missouri courts have not yet considered a case similar to the present one. Nevertheless, Missouri law does provide for estoppel where a party, "by any act or in any way", prevents another from commencing his or her suit. *Cacioppo*, 550 S.W.2d at 926. In the present case, Stephens alleges coercion throughout his complaint. The allegations are such that upon further factual development it may appear that ADG is estopped under Missouri law from asserting the statute of limitations. In his memorandum opinion dismissing the complaint, the district judge observed that Stephens had failed to provide "facts" that would indicate estoppel should apply and that Stephens failed to convince the court that

---

1. It is not clear from the complaint whether ADG security guards threatened prosecution for a misdemeanor with a one-year statute of limitations or a felony with a three-year statute of limitations. *See* Mo.Rev.Stat. § 556.036. In his complaint, Stephens alleges that the threat of prosecution expired on September 8, 1983, one

year after the alleged actions by ADG security guards took place. Stephens, however, contends that this is a typographical error and has moved to amend the complaint to allege that the threat of prosecution expired on September 8, 1985.

ADG "in fact engaged in improper activities". The district judge further made a credibility finding when he noted that he found "it difficult to believe" Stephens was intimidated for three years. A finding of "no improper activities" might be proper on a summary judgment motion where undisputed evidence is developed and a credibility determination might apply after a bench trial on the merits, but such findings are not appropriate on a motion to dismiss where the court is bound to accept as true, for purposes of the motion, the facts alleged by the plaintiff. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972).[2] The court should not dismiss a complaint for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

 This court believes that, on the basis of the facts alleged, Stephens may be able to demonstrate that ADG is estopped under Missouri law from asserting the statute of limitations. Further evidentiary development is necessary before a factual determination can be made with regard to the estoppel asserted here. It may well be that after such factual development the district court may grant summary judgment in favor of ADG on the statute of limitations issue. However, this court finds Stephens' complaint sufficient to survive a motion to dismiss as it does not appear beyond doubt that he can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. at 45–56, 78 S.Ct. at 101–02.

Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.

FAGG, Circuit Judge, dissenting.

After reviewing Missouri law, the district court rejected Stephens' arguments and sustained ADG's motion to dismiss based on the two-year statute of limitations. The court indicated that the facts stated in the complaint demonstrate Stephens was not hindered or otherwise prevented from bringing this suit at an earlier time. Consequently, the district court concluded that under Missouri law this action was time-barred.

In reaching its decision to reverse, this court focuses on some loose language in the district court's opinion. Nevertheless, the district court's bottom line is clear: Under Missouri law, the pleaded facts do not state a claim on which relief can be granted. When state law is unclear, we give substantial deference to the interpretation of the federal district court sitting in the state forum unless that interpretation is " 'fundamentally deficient in analysis or otherwise lacking in reasoned authority.' " *Dabney v. Montgomery Ward & Co.,* 761 F.2d 494, 499 (8th Cir.) (quoting *Kansas City Power & Light Co. v. Burlington N.R.R.,* 707 F.2d 1002, 1003 (8th Cir.1983)), *cert. denied,* —— U.S. ——, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). Here, this court indicates that the district court faced an issue of first impression under Missouri law. *See ante* at 813. Thus, the rule of substantial deference is applicable. *See Tharalson v. Pfizer Genetics, Inc.,* 728 F.2d 1108, 1111 (8th Cir.1984).

Based on Missouri law the district court determined that ADG's actions, as stated by Stephens, were not improper acts and were not sufficient to estop ADG from asserting the statute of limitations defense. Because I cannot conclude the district court's interpretation of Missouri law is unreasonable, I would affirm that court's judgment.

---

**2.** Nothing in the district court record reflects that matters outside the pleadings were presented to the court thus converting the Fed.R.Civ.P. 12(b)(6) motion into a motion for summary judgment. *See* Fed.R.Civ.P. 12(b)(6).