———o———

D. B. WILSON, Plaintiff in Error, *vs.* JNO. H. GREGORY, ADMINISTRATOR, OF C. H. GREGORY, DEC'D, Defendant in Error.

1. *Administration—Notice of time when claims must be presented—When not a bar to claims presented after period limited by statute.*—An administrator cannot avail himself of the limitation prescribed in the statute as a bar to a demand, unless he has given notice of his letters in the manner and within the time directed by law. And a notice that claims must be presented and exhibited within *three* years, being directly at variance with the time fixed by the statute, (Wagn. Stat., 86, § 19) constitutes no bar to the exhibition and allowance of a claim against the estate after the lapse of the two years limited by that act.

*Error to Osage County Circuit Court.*

*Ewing & Smith*, for Plaintiff in Error.

The period of limitation against demands can only avail the administrator when he has given the notice in the man-

ner and with the time prescribed by law. (Wagn. Stat., 86, § 19; Bryan vs. Mundy, Adm'r, 17 Mo., 556; Wiggins vs. Green, Adm'r, 9 Mo., 264; 13 Mo., 125; Emmerson vs. Thompson, 16 Mass., 434; McLinn vs. McNamari, 2 Dev. & Bat., 85; Pendelton vs. Phelps, 4 Day., 476.)

*Lay & Belch*, for Defendant in Error.

I. The notice states the facts of the granting of letters, their date, and to whom granted, and requires parties to procure allowance of their demands. This is sufficient. (Merchants' Bank vs. Ward's Adm'r, 45 Mo., 310; see also, 1 Gall., 41; 7 Cr., 506; Greenabaum vs. Elliot, 60 Mo., 25.)

The notice need not state the law or their rights.

The notice is right, and the difficulty arises out of a disregard or a confounding of the words "exhibit" and "present," as used in the statute. The exhibition must be within the two years, (Wagn. Stat., 102, § 2,) and the presentation within three years. (Id., § 6.)

WAGNER, Judge, delivered the opinion of the court.

The record shows that the plaintiff presented an account for allowance against the estate of C. H. Gregory, deceased, at the May term, 1873, of the Osage county court. Due notice of the presentation of the account was regularly served on the administrator, and the county court allowed and classified the same. The administrator appealed the case to the circuit court, where it was tried by the court sitting as a jury, and upon a hearing thereof, the administrator objected to the introduction of any testimony by the plaintiff, and assigned as a reason for his objection, that the account was not exhibited within two years after the granting of letters of administration. The objection was sustained and the court declared the law governing the case to be, that if the demand was not exhibited within two years after the granting of letters, it was barred. The plaintiff thereupon took a non-suit, and upon a refusal by the court to set the same aside, he has prosecuted his writ of error.

At the time of exhibiting the demand for allowance two years had elapsed.

The decisions in this court are numerous, holding that an administrator cannot avail himself of the limitation prescribed in the statute as a bar to a demand, unless he has given notice of his letters in the manner and within the time directed by law.

The statute under which this proceeding was had, prescribed that the administrator should give notice by publication, "requiring all persons having claims against the estate to exhibit them for allowance to the executor or administrator within one year after the date of the letters, or they may be precluded from any benefit of the estate; and that if such claims be not exhibited within two years from the time of such publication, they shall be forever barred." (1 Wagn. Stat., 86, § 19.)

The following is a copy of the notice of the grant of letters published by the administrator: "Notice is hereby given, that letters of administration upon the estate of C. H. Gregory, deceased, have been granted to me by the clerk of the county court of Osage county, bearing date the 7th day of March, 1871. All persons having claims against said estate are hereby notified to present them properly authenticated, according to law, within one year from the date of said letters or they may be precluded from any benefit in the estate, and if not presented within three years from the date of said letters they will be forever barred."

That the notice does not in all respects use the phraseology in the statute, makes but little difference, as in substance it is the same. But the radical departure is in the time, that operates as a bar. The statute says that if the claims are not exhibited within two years from the time of the publication they shall be forever barred; whilst the notice is that they must be presented or exhibited within three years, else they will be barred.

This was not giving notice in the manner prescribed by law. It was directly contrary to the statute, was irregular

and therefore it constituted no bar to the exhibition and allowance of plaintiff's claims. Wherefore the judgment should be reversed and the cause remanded.

. Judges Napton and Sherwood concur; Judges Vories and Hough absent.