Beekman v. Richardson.

BEEKMAN v. RICHARDSON, Administrator, Appellant.

Division One, June 14, 1899.

1. **Administration**: JUDGMENT: NON-CLAIM FOR TWO YEARS. Neither in equity nor at law, can a judgment creditor, who has not presented his judgment, rendered in the lifetime of decedent, for classification and allowance within two years after the publication of notice of administration, have the surplus in the hands of the administrator after the payment of all classified and allowed claims against said estate, applied to the satisfaction of such judgment, unless the judgment creditor be under legal disability. Ignorance of the death of decedent affords no excuse.

2. ———: ———: ———: JUDGMENT IN NAME OF TRUSTEE. And where such judgment was recovered in the name of a trustee for a married woman, and the trustee has neglected to act until the two-year statute of limitation has run, she is also barred.

3. **Probate Courts**: JURISDICTION. Full and ample provision is made by statute for the allowance, payment and settlement of all claims against the estates of deceased persons in the probate court, and thither all claimants must go within the time prescribed by statute or be forever barred. No equity court can aid a belated creditor who has lost his right at law.

*Appeal from St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

REVERSED.

J. A. HENDERSON and J. G. & WM. F. WOERNER for appellant.

(1) Where the publication of the notice to creditors is in due form, a claim against an estate must be exhibited and filed within two years from the grant of letters, or it is barred, unless it comes within one of the saving clauses of the statute. The law is very strict in requiring creditors to comply with these statutes of non-claim. Ignorance of Spore's death on

the part of claimants was no excuse. Woerner on Admin., sec. 402; Richardson v. Harrison, 36 Mo. 96; Nelson v. Haeberle, 26 Mo. App. 1; Morgan v. Hamlet, 113 U. S. 451; Price v. McCause, 30 Mo. App. 627; Bank v. Burgin, 73 Mo. App. 108. (2) A claim based on a judgment obtained in decedent's lifetime forms no exception to the above rule. A transcript of such judgment must be exhibited and filed for classification within the two years, though of course the merits of the original judgment can not be questioned. R. S. 1889, sec. 190. If filed and presented for classification in the first year it goes into the fourth class; if within the second year in the sixth class. R. S. 1889, sec. 183. And if not within that time it is barred altogether, like any other demand. Woerner on Admin., sec. 397; Wernse v. McPike, 100 Mo. 486; McGinnis v. Loring, 126 Mo. 411. (3) The coverture of Mary Beekman did not excuse the failure to file the claim and have it classified within the two years. She was represented by her trustee, the legal owner thereof, in whose name the judgment, upon which the claim is based, stood, and still stands, and who was the proper party to have acted. The neglect of the trustee to do anything until the claim was barred, has the effect of barring the claim likewise against his *cestui que trust.* Marsh v. Dooley, 52 Cal. 232; Ewing v. Shanahan, 113 Mo. 397; Meeks v. Olpherts, 100 U. S. 569. (4) The creditor had the opportunity to present this demand against the estate at any time within the statutory period of two years, and having neglected to do so, the bar is complete, and protects not only the personal representative but also the heirs, distributees and legatees. The fact that claimant is a creditor who has lost her right at law to participate in the assets as against other creditors, works no preference in equity in her favor over the beneficiaries who take as heirs and distributees. The sound theory of our administration law relegates all these matters to the probate court under plain statutory provisions, and a court of equity will not interfere to help out belated creditors

who failed to comply with the law.    Titterington v. Hooker, 58 Mo. 593; Pearce v. Calhoun, 59 Mo. 274; Morgan v. Hamlet, 113 U. S. 449; Woerner on Admin., sec. 577.

J. M. HOLMES for respondent.

(1)    The statutory bar of two years applies only to "demands," which require "allowance" by the probate court. R. S. 1889, sec. 184.    (2)    The claim in suit being a judgment, there was no occasion to present it to the probate court for allowance.    The probate court could do no more with it than to classify it.    Carondelet v. Desnoyer, 27 Mo. 36; Gibson v. Naughton, 61 Mo. 418; Wernse v. McPike, 100 Mo. 480; Stephens v. Bernays, 119 Mo. 143.    (3)    No time is limited by the statute within which a judgment should be presented for classification.    Hence it may be presented at any time prior to distribution, and the delay affects nothing except the classification to which it may be entitled.

ROBINSON, J.—This is a suit in equity by plaintiff against the public administrator of the city of St. Louis having in charge the estate of James Spore, deceased, whereby it is sought to have the surplus in the hands of the administrator belonging to the estate of the decedent, after the payment of all classified and allowed claims against said estate, applied to the satisfaction of a judgment rendered in favor of Robert W. Parcels as trustee for the use of plaintiff and her husband against the said James Spore during his lifetime, which said judgment it is alleged had not been presented for classification and allowance within two years after administration had been taken out on said  estate, for the reason that plaintiff and her trustee were ignorant of the fact of the death of said Spore or that he was possessed of any estate whatever until within just a few days before the institution of the present suit.    Plaintiff in her petition alleges that all other creditors of said estate had been paid in full; that her judgment was of record and

that the defendant administrator had notice of it and was about to make final settlement without intending to pay it, and closed with the prayer for "an order and decree against the said public administrator, so in charge of the estate of the said James Spore, requiring and directing him to schedule said judgment on behalf of the plaintiff as an allowed claim in judgment against the estate of the said James Spore and that he be ordered and directed to pay to the plaintiff upon said judgment such dividend as the said judgment may be entitled to in the final settlement and distribution of the estate and for such other and further order and decree as the circumstances of the case may require." For answer to plaintiff's petition defendant filed a general denial, and also alleged that due notice to creditors was published by him as administrator, and set up the plea of the special statute of limitation for two years, or non-claim. At the trial it was admitted that the public administrator took charge of the estate of said James Spore on March 16th, 1893; that he duly caused to be published the statutory notice to creditors within a few days thereafter and continued the publication for the full time required by law, and that the notice was in due form and valid; that no steps of any kind had been taken before the filing of this suit on June 7th, 1895 (more than two years and three months after publication of notice) to have the claim of plaintiff based on said judgment presented for classification in the probate court, or to bring it to the attention of the administrator; also that final settlement had been advertised and an order of distribution made, but that the latter order had been appealed from, and was then pending in the circuit court and that the amount and date of plaintiff's judgment was as set out in her petition. No evidence was offered tending to show that the administrator knew anything about plaintiff's judgment, or that he ever did anything tending to prevent its establishment against the estate of the intestate; nor was there

any facts shown, except the ignorance on part of plaintiff and her trustee (in whose name the judgment stood), of the date of the death of the decedent, to excuse his or her failure in not presenting the judgment and having it classified within the two years allowed by statute, or to exempt it from the operation thereof.    While plaintiff was shown to have been a married woman up to the —— day of ——, 1893, when her husband died, the judgment upon which this suit is based was taken against the decedent in the name of one Robert W. Parcels, trustee for plaintiff and her husband, and in his name had stood of record up to the date of the institution of this suit.    Up to that time the trustee was the only person who could have presented the judgment for allowance, and as this court has held that the neglect of the legal owner or trustee to act until the statute of limitations has run, bars the remedy of the beneficiary even though the latter was under disability, it follows that the issue in this case finds itself limited to the narrow proposition, that a judgment obtained in the lifetime of the decedent is not affected by the statutory bar of two years as other claims are (except for the purpose of classification) but may be ordered scheduled, by a court of equity, at any time before final distribution, as an allowed claim in judgment, to be paid out of any surplus remaining after the payment of the allowed claims that have been placed in either of the six classes designated by section 183, R. S. 1889.    It is contended by respondent, to maintain the judgment rendered in her favor by the trial court, that as a court of equity is able under certain conditions to reach property that has passed into the hands of the heirs or legatees after distribution to satisfy a creditor whose cause of action has accrued after the estate of the decedent debtor has been distributed, by like authority, it may order and direct that the administrator schedule the claim of a judgment creditor as an established demand against the estate before the same has passed out of the hands of the administrator to the heirs and distributees,

and while the jurisdiction over the estate is yet in the probate court.

While plaintiff concedes in her brief filed herein that she has no rights as against the creditors of the estate whose claims have been duly allowed and classified by the probate court, she contends that she has rights to the remaining surplus estate in the hands of the administrator after all the allowed and classified claims have been paid, superior to the Spore heirs, that a court of equity can and will enforce by its proper order and decree, directed to the administrator in charge of the estate, regardless of the two-year statute of limitation or non-claim. To us, this conclusion of respondent seems untenable, in view of the full and comprehensive provision of our administration act.. The fact that the plaintiff has lost her rights at law to participate in the assets of the estate in the hands of the administrator, as against other creditors, as by proceeding in equity she admits, we think should work no preference in equity in her favor over the beneficiaries who take as heirs and distributees, nor do the authorities cited by respondent give sanction to her contention. Where a creditor has been given an opportunity to prove a claim within the statutory period against an estate in process of administration, and neglects to avail himself or herself of the right, his or her claim is forever barred alike against the heirs and distributees, as against the administrator in charge of the estate. The only circumstances under which a creditor may establish his or her claim against a defendant, after the lapse of two years from granting of letters of administration, except he or she is under disability (the limitation thereby extended being by express words of statute) is where the claim could not have been presented and established within the two years because it did not accrue until after the decedent's death. In that case it has been held that the creditor may in a court of equity pursue the estate that has passed into the hands of the heirs and distributees, and have his or her claim satisfied. The

statute of non-claim in that case is no bar because no demand exists against which it could operate.    But when, as here, the claim has matured and ripened into a judgment in the lifetime of the decedent, the statute is explicit and mandatory, that a copy of the judgment must be exhibited to the probate court for allowance and classification, and all demands not thus presented for allowance and classification within two years shall be forever barred, saving to infants, persons of unsound minds or imprisoned and married women two years after the removal of these disabilities. [Sec. 184, R. S. 1889.] Nothing could be more explicit.    To our minds nothing more conclusive.

With us there is no concurrent jurisdiction resting alike in the probate and the equity courts of the State, in the matter of the allowance, classification or scheduling of claims against the estates of decedents in process of administration. Under our administration laws, all those matters are relegated to the probate court under the fullest and plainest statutory provisions, and courts of equity have no power or authority to interpose to help out belated creditors who have failed to comply with those requirements.    For the purpose of the payment of debts the probate court has been empowered to make all necessary orders for the disposition of all decedent's property, real as well as personal, and do all things necessary to a full and final administration and distribution of an estate, and thus is seen by our administration act, we have avoided the necessity of the more cumbrous machinery of the common law, where courts of chancery were compelled to intervene to aid the deferred creditors, by their orders for the sale and disposition of real estate, when the personal assets in the hands of the administrator were inadequate to meet the probated demands.    Now by the statute, full and ample provision is made for the allowance, payments and settlements of all claims against the estate of a decedent in the probate courts and to that court all creditors must go, within the time prescribed

by statute, or be forever barred.   This plaintiff has failed so to do, and is now without remedy in equity as at law.   It follows that the judgment of the circuit court entered herein, must be reversed.   All concur.