Ray W. HATFIELD, Appellant,

v.

Jerry J. McCLUNEY, et al., Respondents.

No. 77142.

Supreme Court of Missouri,
En Banc.

Feb. 21, 1995.

As Modified on Denial of Rehearing
March 21, 1995.

Howard D. Lay, Kansas City, for appellant.

Thomas J. Skates, Kansas City, for respondents.

HOLSTEIN, Judge.

Ray W. Hatfield appeals for a second time from a judgment denying his claim against the estate of Lillian McCluney, deceased.[1] The claim, based on a pre-death judgment entered in appellant's favor against the decedent, was denied because it was not timely filed in the probate division of the circuit court as required by § 473.444.[2] Because the constitutionality of a statute is at issue, this Court has jurisdiction. *Mo. Const. art. V, § 3.* The judgment is affirmed.

The ten points relied on are complex and confusing. Arguments under the points are not always related to the point in which they appear but relate to other points or include arguments unrelated to any point relied on. By contrast, the facts are clear.

## FACTS

Mr. Hatfield had a business and personal relationship with Ms. Lillian McCluney for several years prior to Ms. McCluney's death. When Ms. McCluney died on December 11, 1990, Hatfield had a valid judgment against Ms. McCluney totalling $27,837.19.

Hatfield was apparently aware of the death of Ms. McCluney as well as the fact that she owned certain assets which were subject to probate. He managed apartments owned by Ms. McCluney both before and after her death. He also sent letters to attorneys for the McCluney heirs inquiring whether an estate had been opened.

Ms. McCluney was survived by three sons, including Jerry McCluney. Jerry filed an application for letters testamentary on May 20, 1991, and on June 6, 1991, filed consent forms for independent administration. For reasons not altogether clear from the record, the estate was not actually opened and letters testamentary were not issued until December 11, 1991, exactly one year after Ms. McCluney died. An inventory was filed with the probate division on December 13, 1991.

The assets listed included real estate, corporate stock and tangible personal property, and next to the value of each item was an asterisk. At the bottom of the inventory the asterisk was explained by the following notation:

Decedent's assets on the date of her death were subject to a general lien based on an unsatisfied judgment of record rendered against decedent [in favor of Hatfield] ... On June 19, 1991, prior to the issuance of Letters Testamentary herein, the judgment holder garnished The Investment Company of America stock, listed as Item No. 1 above, in partial satisfaction of said judgment.

The first publication of letters was December 18, 1991. That publication was in the form required by § 473.033 and stated: "[A]ll creditors of said decedent are notified to file claims in the court within six months from the date of the first publication of this notice or be forever barred...."

Hatfield filed two claims against the estate on January 6, 1992, more than three weeks after the first anniversary of Ms. McCluney's death. One was based on the judgment and the second claim was based on personal services alleged to have been provided the decedent. Both claims were dismissed by the trial court. The basis of the trial court's dismissal was § 473.444, which provides in relevant part:

Unless otherwise barred by law, all claims against the estate of a deceased person, other than costs and expenses of administration, exempt property, family allowance, homestead allowance, claims of the United States and claims of any taxing authority within the United States, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate division, or are not paid by the personal representative, shall become unenforceable and shall be forever

---

1. The first appeal is *Estate of McCluney,* 871 S.W.2d 657 (Mo.App.1994).

2. References to statutes are to RSMO 1994 unless otherwise noted.

barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent one year following the date of decedent's death, whether or not administration of the decedent's estate is had or commenced within such one year period and whether or not during such period a claimant has been given any notice, actual or constructive, of the decedent's death or of the need to file a claim in any court.

The denial of the pre-death judgment claim was appealed. On appeal, the judgment was reversed and cause remanded to the trial court because it had failed to address the constitutionality of § 473.444. After remand the trial court refused to permit the pleadings to be amended, found § 473.444 to be constitutional, and again entered judgment denying the claims without further hearing. This appeal followed.

## I.

■ Appellant's first point on appeal is that his claim is "not a claim in the ordinary sense" because it is based on a judgment. He asserts that as a result, § 473.444 is inapplicable and only § 473.370 applies to his claim. Section 473.370 provides, with certain exceptions, that "any judgment or decree is deemed filed within the meaning of § 473.360 as of the time a copy of the judgment or decree is filed in the probate division as required by this section." Section 473.360, in turn, provides:

Except as provided in § 473.370, all claims against the estate of a deceased person [with certain exceptions], whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, which are not filed in the probate division, or are not paid by the personal representative, within six months after the first published notice of letters testamentary or of administration, are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent.

Unquestionably, § 473.370 is the procedure for establishing a claim based upon a judgment in the probate division of the circuit court. However, nothing in that section excuses a judgment creditor from complying with the time limits of either §§ 473.360 or 473.444.

■ It is well settled in Missouri that judgment claims, like that of appellant, entered against a decedent before death are subject to time limitation provisions. In *Beekman v. Richardson,* 150 Mo. 430, 51 S.W. 689 (1899), this Court held that such claims were subject to the nonclaims statute, and failure to timely file a judgment claim resulted in such claim being barred. *Id.* 51 S.W. at 690. More recently, in *Matter of Wisely,* 763 S.W.2d 691, 693 (Mo.App.1988), the court of appeals held, "Nothing in § 473.370 suggests that a judgment creditor is exempted from the six-month nonclaims period prescribed by § 473.360." There is no reason why the applicable limitation period provided for in § 473.444 is inapplicable to claims based on judgments, although the method for proving such claims is established by § 473.370. The first point is denied.

## II.

■ In his second point, Hatfield makes a similar claim that § 473.444 is in conflict with the time limitation provisions of §§ 473.360 and 473.370 and because of that conflict, § 473.444 is inapplicable. He relies on a number of rules of statutory construction. Among those are that when two statutes are in conflict, the specific prevails over the general, that statutes *in pari materia* must be construed together to shed light on the meanings, and that the legislature does not intend to pass absurd laws and arrive at a result that is unjust or unreasonable. All of these rules of construction, of course, are inapplicable if the statutes in question are not in conflict or if the statutes in question are unambiguous. When the language is unambiguous, no room for construction is permissible. *Brownstein v. Rhomberg–Haglin & Assoc.,* 824 S.W.2d 13, 15 (Mo. banc 1992).

■ Section 473.444 is not in conflict with either § 473.360 or § 473.370. Specifically,

§§ 473.360 and 473.444 are separate statutes of limitations. The former statute of limitations begins running upon the death of the decedent. The nonclaims period of § 473.360 commences upon the publication of notice that letters of administration have been granted. Finding no conflict in the statutes and finding no ambiguity in their terms, the second point is denied.

## III.

In his third point, Hatfield argues that § 473.444, as applied in this case where letters were issued on the anniversary of the decedent's death, left him with only one day in which to file his claim, making the notice provisions of § 473.013 a nullity and denying him due process of law under the constitution. Appellant's argument assumes that his claim on the judgment could not have been filed prior to December 11, 1991. That assumption is flawed.

■ Section 473.020 provides that if no application for letters is filed by a person entitled thereto within twenty days after the death of the decedent, "any interested person" may apply for letters of administration. The term "interested person" is defined in § 472.010 to include "creditors or any others having a property right or claim against the estate." Hatfield clearly fits the "interested party" category and, as such, could have initiated probate proceedings himself as early as January of 1991. After initiating such proceedings, Hatfield could have filed his claim thereby tolling the statute of limitations under § 473.444 as well as § 473.360. The complaint that Hatfield had only one day in which to file his claim is a product of his own lack of diligence in pursuing that claim. Because Hatfield had a reasonable opportunity to pursue his claim, due process is not violated in this regard.

Also under the third point, Hatfield argues that the statutory publication required by § 473.033, RSMo 1986, operates as an estoppel against the estate from claiming the benefit of the limitations provisions of § 473.444. Section 473.033 was amended in 1993, but as of the time of the publication herein the required notice made no reference to claims that might be barred by reason of § 473.444. Hatfield argues that the notice on its face gives creditors six months from the date of the first publication to file claims. He relies on cases holding that if a party prevents another from commencing his or her suit, the party preventing commencement of the lawsuit is estopped from asserting the benefit of the statute of limitation. *See Stephens v. Associated Dry Goods Corp.*, 805 F.2d 812 (8th Cir.1986), and *Sugent v. Arnold's Estate*, 340 Mo. 603, 101 S.W.2d 715 (1937). In addition, Hatfield cites *Wilson v. Gregory*, 61 Mo. 421 (1875), for the proposition that a nonconforming notice to creditors that they had three years in which to file claims instead of the statutory two-year period extends the claim period for the additional year.

The *Wilson* case is distinguishable. There the notice was at variance with the statutory time limit, extending it from two to three years. The Court held that by not giving notice "in the manner prescribed by law," the notice was no bar to a claim filed outside the two-year limit. 61 Mo. at 423–24. Here the notice was precisely in the form prescribed by § 473.033. Similarly, neither *Stephens* nor *Sugent* held that publication of a statutory notice estopped the person making the publication from asserting defenses unrelated to the notice. On that basis they also are distinguishable.

■ The argument by Hatfield fails to recognize that the defense created by § 473.444 does not depend on publication. Following his argument, the publication would estop an estate from claiming *any* defense except those asserted in the notice. In addition, the action of the administrator in simply complying with the requirement of § 473.033 in publishing the statutory notice is not an affirmative act designed to mislead creditors into delaying the filing of claims. The statutory notice was in the form required by law and was essential to vest the trial court with authority to enter orders regarding the es-

tate. §§ *473.013* and *473.033*. By contrast, § 473.444 operates independently of any notice, judicial action or jurisdiction of the probate division to bar claims. Publication of the statutory notice does not amount to estoppel to raise any legal defenses, including a statute of limitation unrelated to the requirement of publication.

## IV.

■ Hatfield's fourth point is that the trial court erred in its conclusion that he could take advantage of § 473.020 to commence administration. Hatfield argues with great conviction, but with no authority to support it, that after an application for letters was filed by Jerry J. McCluney on May 20, 1991, no other interested party could successfully compel administration. As previously noted, § 473.020 clearly provides that if persons entitled to administer do not timely proceed with administration, the court may appoint someone in their place. In addition, once the application for administration was filed by Jerry McCluney in May of 1991, there was nothing to prevent respondent from filing his claim with the probate division of the circuit court subject to later service on the personal representative after the appointment was made. Such filing would have tolled the running of the § 473.444 limitation period. The claim that Hatfield was delayed in filing his claim by the failure to timely appoint a personal representative is meritless.

## V.

■ In Hatfield's fifth point he argues that the notation at the bottom of the inventory amounted to an acknowledgment of the debt which waives the statute of limitations provided in §§ 473.360 and 473.444. In support of this position, Hatfield cites § *473.433(1)* and in the alternative, § *516.320*.

Section 473.333 provides that after the six-month nonclaims period has run, a personal representative shall not pay claims other than costs and expenses of administration, unless, within the nonclaims period of § 473.360 the claim has been (1) served on the personal representative, and (2) is either "filed with the court or acknowledged by the personal representative in writing to be a just claim." The six-month nonclaims period of § 473.360 commences upon the first publication of letters. Here, the first publication of letters was on December 18, 1991, six days after the one-year statute of limitations period of § 473.444 had expired. Section 473.433 does not extend the one-year time limitation imposed by § 473.444. Indeed, § 473.433 does not purport to extend or waive any statute of limitation provision found in the probate code or elsewhere, based on the acknowledgment of a claim. Section 473.433 does not assist Hatfield.

In an action founded on contract, the statute of limitations provided for in §§ 516.100 to 516.370 may be waived by an "acknowledgment or promise[ ] made or contained by or in some writing subscribed by the party chargeable thereby." § 516.320. However, that section applies only to the statute of limitation provisions found in §§ 516.100 to 516.370. Under the plain terms of § 516.320, it has no application to the statute of limitation found in § 473.444. Accordingly, the trial court did not err in finding that the statute of limitation in § 473.444 had expired and was not waived by acknowledgment.

## VI.

Hatfield's sixth point makes two complaints. First, he argues the trial court erred in refusing to allow him to amend. Second, Hatfield asserts the trial court refused to make required findings of fact and conclusions of law regarding the constitutionality of § 473.444. Those same complaints are reiterated in point ten.

At the request of Hatfield, this case was tried under the Rules of Civil Procedure. After the initial order dismissing the claim had been sustained, Hatfield made a belated motion for leave to file an amended petition pursuant to Rule 55.33. No proposed amended petition was attached to the motion. A similar motion was made after remand by

the court of appeals. For the first time the amendment sought to raise the constitutional question that House Bill 145 violated Missouri Constitution article III, § 23, requiring that a bill be limited to one subject which is clearly expressed in its title. In addition, a claim was added asserting fraud by the heirs and asking that they be added as parties and served with process. The request to amend was denied.

■ Under Rule 55.33 the decision to allow or disallow amendments to pleadings was within the sound discretion of the trial court. *Lester v. Sayles,* 850 S.W.2d 858, 869 (Mo. banc 1993). Hatfield fails to articulate wherein or why the trial court's ruling denying his motion to amend was an abuse of discretion or to cite any authority holding it an abuse of discretion to deny a post-submission motion to amend pleadings. Reviewing the claim for plain error, none is found. Therefore, that ruling must stand.

■ Hatfield complains that the trial court failed to make findings of fact and conclusions of law on his constitutional claims. This argument is less than artfully presented. No facts are necessary to conclude that § 473.444 is constitutional on its face. In addition, the conclusion by the trial court that appellant had an adequate remedy to protect his claim under § 473.020 by compelling administration is sufficient to show that § 473.444 is not unconstitutional as applied to him. For these reasons, the sixth point on appeal is denied.

## VII.

■ In his seventh point, Hatfield asserts that § 473.444 should not have been applied to the Hatfield judgment because that judgment was acquired previous to 1989 when § 473.444 was enacted. As such, he argues that changes in the probate code taking effect in 1989 or later have no application to his claim. In support of this, Hatfield cites the closing portion of § 472.005 which provides:

> When a right is acquired, extinguished or barred upon the expiration of a pre-

scribed period of time which has commenced to run by the provisions of any statute in force before this code takes effect, such provision shall remain in force and be deemed part of the probate code with respect to such right except as otherwise provided therein.

The argument that § 472.005 prohibits application of the time limitation of § 473.444 borders on the spurious. The present probate code became effective January 1, 1981. Section 472.005 does not purport to apply to amendments made after the effective date of the probate code. Because § 473.444 was a later amendment, § 472.005 does not delay the operation of § 473.444. Even if § 473.444 is considered the "probate code," it *does not follow that* § 472.005 prohibits application of the limitation period. Hatfield's rights are barred or extinguished by a statutory period of time which commenced to run on December 11, 1990, well after § 473.444 became effective. Because the expiration time commenced after the effective date of the statute, § 472.005 is inapplicable. This claim is denied.

## VIII.

A second due process and equal protection clause argument, found in points eight and ten of Hatfield's brief, is that § 473.444 is vague because the title of the bill in which it was enacted, House Bill No. 145 of 1989, was inadequate. He also claims due process violations because § 473.444 was not indexed in the 1989 official statutory revisions or indexed or cross-referenced in *Vernon's Annotated Missouri Statutes.*

■ The void for vagueness doctrine reflects the principle that a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must guess at its meaning and differ as to its interpretation violates the first essential of due process of the law. *Roberts v. United States Jaycees,* 468 U.S. 609, 629, 104 S.Ct. 3244, 3255–56, 82 L.Ed.2d 462 (1984). This doctrine also assures that guidance through explicit standards will be afforded to

those who must apply the statute and thereby avoid arbitrary and discriminatory application of the statute. *Baugus v. Director of Revenue,* 878 S.W.2d 39, 41 (Mo. banc 1994). However, no authority is cited nor is any found requiring specificity in the title of a bill in which a statute is enacted or suggesting that the failure to index a bill properly in statutory revisions justifies a holding that such statute is void for vagueness under the Due Process Clause. We hold that the one year limitation provided for in § 473.444 is neither imprecise nor uncertain and, therefore, the void for vagueness doctrine is inapplicable. The due process claims are denied.

### IX.

In his ninth and tenth points, Hatfield reiterates his complaint that he was not allowed to amend his claims after remand. That argument is dealt with *supra.*

Hatfield also complains under his ninth point that the trial court erred in treating the estate's motion to dismiss as a motion for summary judgment, asserting that he had no opportunity to respond to the motion as is contemplated by Rules 55.27(a) and 74.04.

Rule 55.27(a) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all materials made pertinent to such motion by Rule 74.04.

In this case, the trial court held an evidentiary hearing in response to the estate's motion to dismiss. The parties were all aware that the dispositive issue was the applicability of § 473.444. No complaint was made at or prior to the hearing that evidence was being presented and, although Hatfield's counsel was present, no request was made to continue the hearing so that Hatfield could present additional evidence or affidavits. Aside from legal arguments, Hatfield points to no additional facts that he would have relied on had he understood the motion to dismiss was to be treated as one for summary judgment. Under the circumstances, Hatfield was not denied a reasonable opportunity to present material pertinent to his claim. As previously noted, the trial court was under no obligation to permit an amendment of Hatfield's pleading after submission of the case to include new constitutional claims or claims of fraud against new parties. The ninth point is denied.

### X.

In addition to his due process and inability to amend arguments in point ten, Hatfield attempts to make a single subject and inapplicable title attack on House Bill 145 pursuant to Missouri Constitution article III, § 23. As stated in point six, this claim was raised for the first time by a motion to amend, after the appellate court remanded the case. Such an attempt does not preserve this question for appeal. To preserve a constitutional question for review by this Court it must be raised in the trial court at the earliest opportunity. *State ex rel. Eagleton v. Patrick,* 370 S.W.2d 254, 260 (Mo.1963). This claim is denied.

The judgment is affirmed.

All concur.