## In re the ESTATE OF Dorothy L. RIPLEY, Appellant,

v.

## MORTGAGE ONE CORPORATION, Respondent.

### No. ED 75364.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 15, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 2000.

Application for Transfer Denied May 30, 2000.

Lester H. Goldman, St. Louis, for appellant.

Ronald J. Brockmeyer, St. Charles, for respondent.

SIMON, Judge.

Robert Ripley, personal representative of the Estate of Dorothy Ripley, deceased, appeals from a judgment of the trial court allowing the claim of Mortgage One Corporation (Mortgage One) to be a lien on the proceeds of the sale of real property subject to a deed of trust.

On appeal, personal representative contends that the trial court erred in allowing Mortgage One's claim against the estate after the six month period for filing unsecured claims because Mortgage's One's unrecorded deed of trust was not a secured claim. We affirm.

■ In a court tried case, we affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976).

The record reveals that Leonard and Dorothy Ripley, husband and wife, executed a deed of trust on certain real estate to Mortgage One on September 9, 1993 to secure a note. Due to a clerical error, the deed of trust was not acknowledged or recorded. Thereafter husband died and wife continued making payments on the note. On December 26, 1996, wife died. Later that afternoon, Robert Ripley, son of deceased and later personal representative of her estate, called two credit card companies and Household Finance Corporation (HFC), the parent company of Mortgage One, to inquire if deceased had credit life insurance to pay the outstanding indebtedness. During the conversation, HFC informed Robert Ripley that it had a security interest in the real estate.

A Petition for Letters of Administration was filed on January 15, 1997 and an order granting the letters was issued on January 30, 1997. The first publication of notice of the letters of administration was on February 6, 1997.

Personal representative made payments from his personal funds on the Mortgage One note on January 21, 1997, February 26, 1997, and March 24, 1997. The property subject to the deed of trust was sold on March 28, 1997. The net sale proceeds of $57,761.06 were paid to the personal representative, and deposited in the estate account, where they have remained. At the time of the sale, the balance on the note was $42,905.78.

Mortgage One filed a claim against the estate on November 10, 1997. Personal representative filed a motion to dismiss the claim alleging that the claim was barred by section 473.360.1 RSMo.1994 (all further references shall be to RSMo 1994 unless otherwise noted), which provides that all claims must be filed within 6 months of the publication of notice of letters of administration. The trial court found the deed of trust valid and binding on the deceased and the estate. Therefore, Mortgage One had a security interest in the real property and when it was sold on the sale proceeds.

Section 473.360 Limitations On Filing Of Claims—When Claims Barred, provides in pertinent part:

1. ... all claims against the estate of a deceased person ... which are not filed in the probate division of the circuit court ... within six months after the first published notice of letters testa-

mentary or of administration, are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent ...

* * *

3. Nothing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate; except that attachment, judgment, and execution liens shall be enforced as provided in this chapter and not otherwise.

Personal Representative contends that the claim should have been disallowed because it was not filed within the six month period. Further, he argues that since Mortgage One failed to record the deed of trust before the house was sold and the proceeds distributed, it lost the ability to enforce the deed of trust and its claim became unsecured.

■ The threshold issue is whether the unrecorded deed of trust and note constituted a secured claim, valid as to the estate. Section 442.400, the statute pertaining to the validity of unrecorded instruments, provides: No such instrument in writing shall be valid, except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record.

■ The record clearly establishes that the personal representative had actual notice of the deed of trust and had made payments on the note prior to the sale of the property. Since the personal estate of a decedent is not a legal entity, it is the duty of the personal representative to secure the assets for the benefit of probate expenses, creditors and thereafter distribution under the intestate law or a will. *Steiner v. Vatterott*, 973 S.W.2d 191, 194 (Mo.App. E.D.1998). Thus in all proceedings for or against the estate, the personal representative is an indispensable party. *Id.* As a result, the estate operates through the personal representative and

notice to the personal representative is notice to the estate. Therefore, the estate had actual notice of the note and deed of trust. Section 442.400. Consequently, it was a secured claim and not barred by the six month limitation of section 473.360.1. *See Cowan v. Mueller*, 176 Mo. 192, 75 S.W. 606, 607 (1903).

■ Since the deed of trust is valid, the sale of the real property without Mortgage One's permission is a violation of the deed of trust and pursuant thereto, the outstanding note balance became immediately due and payable. Mortgage One could not have brought an action on the note at that time since payments were made on the note until a few days before the sale, the note was not in default. Finally, Mortgage One could not foreclosure on the real property until six months after deceased's death. Section 443.300. Since the property was sold within six months of deceased's death, Mortgage One was deprived of its legal remedy under the deed of trust.

■ The trial court placed a lien on the proceeds of the sale. Equity allows a lien to be placed on the proceeds of the sale of property on which an obligation is owed and where the law does not provide an adequate remedy and justice would suffer without equitable relief. *Wilkinson v. Tarwater*, 393 S.W.2d 538, 542 (Mo.1965); *Iota Management Corp. v. Boulevard Inv. Co.* 731 S.W.2d 399, 420 (Mo.App. E.D. 1987). To establish an equitable lien, the following must be present: 1) a duty or an obligation owing by one person to another; 2) a res to which that obligation fastens, which can be identified or described with reasonable certainty; and 3) an intent, express or implied, that the property serve as security for the payment of the debt or obligation. *Iota* 731 S.W.2d at 420, *Hartog v. Siegler*, 615 S.W.2d 632, 639 (Mo.App. 1981).

Here, the promissory note and deed of trust, signed by husband and wife, created an obligation to repay and a security interest in the real estate. The proceeds from

the sale of the real estate subject to the deed of trust, are identified with reasonable certainty. The proceeds were placed in the estate account and remain there. Additionally, there was an express intent as evidenced by the executed note and deed of trust that the real property would be subject to the deed of trust. To allow the estate to retain the full proceeds of the sale, without being required to discharge the debt owed to Mortgage One would result in unjust enrichment to the estate and eventually the heirs. *See Chicago Title Insurance Co. v. Mertens,* 878 S.W.2d 899 (Mo.App. E.D.1994). The trial court did not err in applying an equitable lien against the sale proceeds.

Judgment affirmed.

GARY M. GAERTNER, P.J., concurs.

JAMES R. DOWD, J., dissents in separate opinion.

JAMES R. DOWD, Judge, dissenting.

I respectfully dissent.

The applicable statute of limitations provides:

> [A]ll claims against the estate of a deceased person... which are not filed in the probate division of the circuit court within six months after the date of the first published notice of letters testamentary or of administration... are forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent.

Section 473.360.1. Dorothy Ripley, the last surviving mortgagor, died on December 26, 1996. The circuit court first published notice of the letters of administration on February 6, 1997. A timely claim against the estate should have been filed by August 6, 1997. Mortgage One filed its claim on November 10, 1997.

Statutes which limit the time in which claims can be filed against a probate estate play a primary role in the probate process. "The purpose of a statute of nonclaim is to expedite the settlement of estates in the interest of public welfare and for the benefit of those interested in the estate." *Estate of Thomas,* 743 S.W.2d 74, 78 (Mo. banc 1988). These statutes are "rigidly enforced, and no one is entitled, either in law or equity, to file a claim after the expiration of the time fixed therein." *Harrison Machine Works v. Aufderheide,* 222 Mo.App. 474, 280 S.W. 711, 712 (1926).

Missouri case law is rife with situations in which a statute of limitations bars meritorious claims against a probate estate. *See, e.g., Hatfield v. McCluney,* 893 S.W.2d 822 (Mo.banc 1995) *and Beekman v. Richardson,* 150 Mo. 430, 51 S.W. 689 (1899). In *Hatfield,* for instance, a creditor had a valid judgment against the decedent before the decedent's death. *Hatfield* 893 S.W.2d at 824. The Missouri Supreme Court held that this claim was barred by the statute of limitations. *Id.* at 825. Recently, the Missouri Supreme Court has held that statutes of limitations in the probate process are of such crucial importance as to preclude a minor's right to establish the identity of his deceased father. *Johnson v. Akers,* 9 S.W.3d 608 (Mo.banc 2000).

Mortgage One contends their claim falls within an exception to the statute of limitations. This exception provides that "[n]othing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge *or other lien* upon property of the estate." Section 473.360.3 (emphasis added).

The contention that this is a proceeding to enforce the mortgage holds no merit. The deed of trust in this case provides only one process by which it can be enforced. Following a limited set of circumstances, the mortgagee may accelerate all of the unpaid debt to be immediately due, then hold a foreclosure sale of the property. There is no authorization whatsoever in the deed of trust allowing the mortgagee to file suit against the mortgagor or her estate. Neither is there any provision in the deed of trust extending its security

interest to the proceeds from the sale of the property. A mortgage merely provides security for a debt. *Eurengy v. Equitable Realty Corp.,* 341 Mo. 341, 107 S.W.2d 68, 71 (1937). The right to sue on the debt stems from the underlying note, not the deed of trust.

When Mortgage One failed to record this deed of trust, it became invalid against anyone "except between the parties thereto, and such as have actual notice thereof." Section 442.400. The effect of this recording statute is that "subsequent bona fide purchasers of realty with no actual notice of an unrecorded interest in that realty take free of that unrecorded interest." *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 395 (Mo.App.1984). In effect, Mortgage One's deed of trust terminated once the personal representative sold the property to a bona fide purchaser who had no notice of the deed of trust.

It is clear that Dorothy Ripley owed Mortgage One money and that this money was never paid. To counter this resulting unjust enrichment to her estate, the probate court granted Mortgage One an equitable lien on the proceeds from the sale of the real estate. An equitable lien is proper when the law fails to provide an adequate remedy and justice would suffer without equitable relief. *Wilkinson,* 393 S.W.2d at 542; *Iota,* 731 S.W.2d at 420. Under the majority's holding, Mortgage One's claim becomes a proceeding to enforce a lien, rather than a mortgage, and thereby fits within the exception to the claim period statute, which provides that "[n]othing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge *or other lien* upon property of the estate." Section 473.360.3 (emphasis added).

An equitable lien is an inappropriate vehicle for enforcing the mere failure to repay money as agreed. *Hahn v. Hahn,* 297 S.W.2d 559, 565 (Mo.1957); *Wilkinson,* 393 S.W.2d at 542. Equitable liens can be granted only where there is no remedy provided by law. *Wilkinson,* 393 S.W.2d at 542; *Iota,* 731 S.W.2d at 420. Here, the law provided two legal remedies, and Mortgage One failed to take advantage of either.

The first legal remedy was provided by the recording process. The majority correctly points out that the right to foreclose never ripened because neither the note nor the deed of trust was violated before the property was sold to a bona fide purchaser who had no notice of the deed of trust. Consequently, Mortgage One never had the opportunity to foreclose on the property.

Conversely, if the deed of trust was recorded, a title search would have revealed its existence and Mortgage One would have been paid at the closing. Mortgage One's failure to be paid at the closing stems solely from its failure to record. Mortgage One's own negligence deprived it of the normal benefits afforded a holder of a deed of trust who acts with ordinary diligence.

Mortgage One's second legal remedy was to file a claim against the estate on the unpaid note within the six month time period after publication of letters. Mortgage One filed its claim almost three months after the deadline fixed by the statute. Having failed to take advantage of its two legal remedies, Mortgage One should not gain the benefit of an equitable lien. That the personal representative knew of the deed of trust or that the proceeds from the sale of the property remain in the estate should not override the principle that equity will not intervene when the law provides a remedy. Here, the law provided two remedies.

Under the majority's holding, the Probate Code is powerless to limit the time in which a claim stemming from an unrecorded deed of trust can be brought against an estate so long as the personal representative knows the deed of trust exists. This contravenes the purpose of the six month claim period statute. I would reverse.